UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ALVIN HAWKINS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:21-cv-00266 |
| MIDDLE TENNESSEE PIZZA, INC., et al., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the parties' unopposed Motion to Approve Stipulated Form of Notice of Collective Action and to Stay Proceedings (Doc. No. 26). For the reasons that follow, the Motion will be granted.

**I.    BACKGROUND**

Plaintiff Alvin Hawkins worked as a Middle Tennessee Pizza delivery driver. (Doc. No. 1 at 8). Middle Tennessee Pizza operates at least eleven Domino's Pizza locations in Tennessee (Id. at 1). Hawkins filed this action on behalf of himself and similarly situated employees consisting of delivery drivers at the Middle Tennessee Pizza locations in Tennessee. (Id.) Plaintiff argues that Defendant "repeatedly and willfully violated the [Fair Labor Standards Act] by failing to adequately reimburse delivery drivers for their delivery-related expenses," and accordingly "failing to pay [them] the legally mandated minimum wages for all hours worked." (Id.).

Hawkins brought this collective action against Defendants on March 31, 2021, alleging that they violated the Fair Labor Standards Act ("FLSA"). On May 19, 2021, the parties brought the instant, unopposed Motion to conditionally certify and to stay the proceedings pending settlement. (Doc. No. 26).

## II. LEGAL STANDARD

Under the FLSA, a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). "Thus, in order to join a collective action, an employee must (1) be 'similarly situated' to the plaintiff who maintains the action, and (2) give his written consent to join." Evans v. Caregivers, Inc., No. 3:17-cv-0402, 2017 WL 2212977, at *4 (M.D. Tenn. May 19, 2017) (citing Comer v. Wal—Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006)). Whereas in a class action, governed by Federal Rule of Civil Procedure 23, plaintiffs must "opt-out," those in a collective action must "opt-in." See id. "The 'opt-in' nature of the collective action heightens the need for employees to receiv[e] accurate and timely notice concerning the pendency of the collective action." Id. (internal quotations and citations omitted); see also Castillo v. Morales, Inc., 302 F.R.D. 480, 483 (S.D. Ohio 2014).

## III. ANALYSIS

"District courts conduct a two-phase inquiry to determine whether plaintiffs are similarly situated: conditional and final certification." Honaker v. Wright Bros. Pizza, Inc., No. 2:18-cv-1528, 2020 WL 134137, at *1 (S.D. Ohio Jan. 13, 2020) (citing Frye v. Baptist Mem'l Hosp., Inc., 495 F. App'x 669, 671 (6th Cir. 2012)). At the conditional certification stage, Plaintiff must show that the employees in the class are "similarly situated." See Comer, 454 F.3d at 546. To do so, Plaintiffs need only "make a modest factual showing" that "his position is similar, not identical, to the positions held by the putative class members." Id. at 546-47 (quotation marks and citations omitted); see also Evans, 2017 WL 2212977, at *5. Courts have consistently held that the standard for satisfying conditional certification is low and more likely than not results in conditional

certification. Comer, 454 F.3d at 547. At this stage, the Court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." Evans, 2017 WL 2212977, at *5 (citing Swigart v. Fifth Third Bank, 276 F.R.D. 210, 214 (S.D. Ohio 2011)).

Courts within the Sixth Circuit have consistently found that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." Bradford v. Logan's Roadhouse, Inc., 137 F. Supp. 3d 1064, 1071 (M.D. Tenn. 2015) (citing O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 585 (6th Cir. 2009)). A plaintiff may also "meet the similarly situated requirement if they can demonstrate, at a minimum, that 'their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" Evans, 2017 WL 2212977, at *5 (citing O'Brien, 575 F.3d at 585). Courts examine several factors when considering whether to grant conditional certification, including: "(1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and, (3) whether there is evidence that defendants maintained a widespread discriminatory plan affecting those plaintiffs." Id. (citing Waggoner v. U.S. Bancorp, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015)). "Once a court determines that the potential opt-in plaintiffs are 'similarly situated' to the named plaintiffs, notice is sent, opt-in forms are filed[,] and discovery takes place." Atkinson v. TeleTech Holdings, Inc., No. 3:14-CV-253, 2015 U.S. Dist. LEXIS 23630, 2015 WL 853234, at *2 (S.D. Ohio Feb. 26, 2015).

After the parties complete discovery, the Court then moves to the second phase of the certification process. See Evans, 2017 WL 2212977, at *5 (citing Struck v. PNC Bank N.A., No. 2:11-CV-00982, 2013 U.S. Dist. LEXIS 19444, 2013 WL 571849, at *2 (S.D. Ohio Feb. 13, 2013)). The bar at this stage to determine whether class members are similarly situated is

significantly more stringent. Id. (citing Atkinson, 2015 U.S. Dist. LEXIS 23630, 2015 WL 853234, at *3). The Court will now turn to whether conditionally certify the class at issue.

A. Conditional Certification

Here, Defendant "consents to an Order conditionally certifying this case as a collective action under the FLSA. . . ." (Doc. No. 26 ¶ 2(a)). The Court nonetheless notes that Plaintiff has satisfied the low bar and met the "modest factual showing" required for the conditional certification stage. See Honaker, 2020 WL 134137, at *1; see also Comer, 454 F.3d at 547. Plaintiff alleges that "Defendants' stores require their delivery drivers to drive their personal cars to complete deliveries for them." (Doc. No. 26-1). Plaintiff also alleges that "Defendants' stores failed to properly reimburse delivery drivers for their delivery-related expenses, and instead have adopted a policy of reimbursing drivers a routinely-evaluated per-mile rate based on store location and existing gas prices that is less than the IRS standard business mileage rate." (Id.; see also Doc. No. 1 ¶¶ 4–5). Plaintiff alleges that "[a]ll delivery drivers at the Defendants' Domino's stores, including Plaintiff, have been subject to the same or similar employment policies and practices." (Doc. No. 1 ¶ 5). Accordingly, the Court will grant conditional certification of a collective action by a class defined as all current and former delivery drivers employed by Defendant's Domino's stores owned, operated, and controlled by Defendants in the state of Tennessee from May 10, 2018 to the present.

B. Notice, Method of Dissemination, and Opt-In Period

Plaintiff next asks the Court to approve the stipulated form of notice. (See Doc. No. 26). Courts have "the authority to supervise notice to potential plaintiffs." Honaker, 2020 WL 134137, at *3 (citing Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 172 (1989)). Through "monitoring preparation and distribution of the notice, a court can ensure that [a notice] is timely, accurate, and

informative." Hoffman-LaRoche, 493 U.S. at 172. Here, the parties request the Court authorize the Notice of Opportunity to Join Unpaid Wage Lawsuit. (See Doc. No. 26-1). Having reviewed the notice, the Court finds it is timely, accurate, and informative. The stipulated notice "clearly informs putative class members of their rights and how they can elect to participate in the action." Evans, 2017 WL 2212977, at *6. The notice also adequately describes the legal claims, notes that the Defendant is defending against those claims, and references the "legal effects of joining and not joining the suit." Id. Accordingly, the Court hereby approves the notice.

The parties desire to send the notice by email and U.S. mail "unless the notice is returned as undeliverable." (Doc. No. 26 at 2). In that case, "Plaintiff's counsel or a case management administrator, at Plaintiff's expense, will process the name of the delivery driver through a Change of Address database, and will re-send the notice to any new address identified . . . ." (Id.). Courts have "discretion in deciding how notice is disseminated." Honaker, 2020 WL 134137, at *3. And courts "within the Sixth Circuit have routinely approved dual notification through regular mail and email. Evans, 2017 WL 2212977, at *7 (collecting cases). Neither party objects to this form of notice. Accordingly, the Court finds that such notice is appropriate in this case.

The proposed notice suggests a 60-day opt-in period. (See Doc. No. 26 at 3). As with dual notice, courts within the Sixth Circuit have routinely approved 60-day op-in periods. Honaker, 2020 WL 134137, at *3 (citing Cowan v. Nationwide Mutual Insurance Co., No. 2:19-cv-1225, 2019 WL 4667497, at *13 (S.D. Ohio Sep. 25, 2019)). The Court finds this opt-in period to be reasonable, especially in light of the case law and because neither party objects.

Last, the parties request that the Court stay proceedings, including Defendants' obligation to file an Answer, while they attempt to reach a settlement. (Doc. No. 26 at 3). Accordingly, the Court will stay the proceedings.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' unopposed Motion to Approve Stipulated Form of Notice of Collective Action and to Stay Proceedings (Doc. No. 26). The Court conditionally certifies the following collective action class:

All current and former delivery drivers employed by Defendant's Domino's stores owned, operated, and controlled by Defendants in the state of Tennessee from May 10, 2018 to the present.

The Court **APPROVES** the stipulated Form of Notice of Collective Action (Doc. No. 26-1). Notice shall be sent by regular mail and email in the form stipulated by the parties, and putative opt-in Plaintiffs shall have sixty (60) days from the date they receive notice to return the consent form to Plaintiffs' counsel.

This action is **STAYED** pending the parties' settlement negotiations. As agreed by the parties, the parties shall file a notice with the Court in the event settlement is not achieved to schedule a case management conference no later than 75 days after the close of the opt-in period.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE