# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ALVIN HAWKINS, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:21-cv-00266 ) |
| MIDDLE TENNESSEE PIZZA, INC., eta al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Plaintiffs' Unopposed Motion for Settlement Approval in this action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19. (Doc. No. 58). The parties' proposed settlement agreement provides that (1) Defendants will set aside $200,000.00, of which $185,000.000 makes up the "Collective Fund" to be distributed to Plaintiffs; and (2) $15,000.00 makes up a "Reserve Fund," which allows individuals who could have joined the FLSA collective, but did not, to join as "Late Claimants." (Doc. No. 58-1 at 3). The proposed agreement also provides that one-third of each fund ($61,666.67 for the Collective Fund and up to $5,000 for the Reserve Fund) to be paid as attorney's fees. (Id. at 10).

Having independently reviewed the Motion and the record, the Court finds as follows:

1. The final settlement between the parties is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." See O'Bryant v. ABC Phones of North Carolina, Inc., No. 2:19-cv-02378, 2020 WL 4493157, at *7 (W.D. Tenn. Aug. 4, 2020) (citing Does 1–2 v. Déjà Vu Servs. Inc., 925 F.3d 886 (6th Cir. 2019)). Each party is represented by counsel, who each, in turn, have indicated that the proposed settlement is fair and

reasonable under the circumstances, as evidenced by Defendant's agreement with the Motion. (Doc. No. 58).

2. The prompt distribution of settlement funds described in the Settlement Agreement is appropriate under the FLSA, and the proposed distribution procedure is consistent with the FLSA's remedial goals.

3. For purposes of approving the proposed settlement, the members of the Proposed FLSA Collective are "similarly situated" for purposes of certification under 29 U.S.C. § 216.

4. The Court's findings are limited solely to the claims brought on behalf of the Proposed FLSA Collective. The Court's findings are for purposes of certifying the FLSA collective action for settlement purposes only and will not have any claim or issue preclusion or estoppel effects in any other case or action against Defendants.

5. The settlement falls within the "range of reasonableness" and is the result of arms-length negotiations conducted after Counsel has adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.

6. The resolution of this case has created a common benefit fund for the class, so it is appropriate to assess attorney's fees against the fund. See Hosp. Auth. of Metro. Gov't v. Momenta Pharm., Inc., No. 3:15-cv-01100, 2020 U.S. Dist. LEXIS 99546, at *2 (M.D. Tenn. May 29, 2020).

7. Further, the requested fee meets all of the relevant factors articulated by the Sixth Circuit in Ramey v. Cincinnati Enquirer, Inc., 508 F.2d 1188, 1196 (6th Cir. 1974).

8. Therefore, payment of attorneys' fees to Collective Counsel is approved in the amount of $61,666.67. The additional payment of up to $5,000.00 in attorneys' fees

attributable to claims made against the Reserve Fund, as detailed in the Agreement, is also approved. See O'Bryant, 2020 WL 4493157, at *7–8.

9. The request for reimbursement of advanced litigation costs in the amount of $9,494.54; administrative costs in the amount of $6,586.49 are also approved. See id.

10. The proposed service award of $7,500 is reasonable and is approved.

Accordingly, Plaintiffs' Motion for Settlement Approval (Doc. No. 58) is **GRANTED**. With respect to those individuals who have already joined this lawsuit as party plaintiffs, the Court **GRANTS** approval of the settlement terms as related to the Qualified Settlement Fund, Collective Fund, and Reserve Fund described in the Parties' Settlement Agreement and Release and in Plaintiff's Unopposed Motion for Settlement Approval. The parties **SHALL** otherwise carry out the settlement agreement according to its terms. This case is **DISMISSED WITH PREJUDICE**. This constitutes a final order under Fed. R. Civ. P. 58, and the Clerk is directed to close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE